In this case, plaintiff John Doe,* a former medical student at the Yale University School of Medicine, has brought suit against defendant Yale University to recover money damages for certain injuries *Page 330 
she claims to have suffered due to the defendant's alleged negligence in training and supervising her in the clinical use and handling of needles during her residency at the Yale-New Haven Hospital. The plaintiff claims that as a result of the defendant's negligence, she pricked her thumb with a bloody needle while attempting to perform an arterial line insertion upon a patient infected with the human immunodeficiency virus ("HIV"), and that by so doing she became infected with HIV.
The case was tried in 1997 in the Superior Court for the Judicial District of New Haven. In all, the trial lasted less than two weeks, from the start of evidence until the jury returned its verdict for the plaintiff. Following the verdict, the defendant moved for judgment notwithstanding the verdict and for a new trial. The trial court denied the defendant's posttrial motion and rendered judgment for the plaintiff on the jury's verdict.
Thereafter, on appeal to the Connecticut Supreme Court, the trial court's judgment was reversed and the case was remanded for a new trial on two separate grounds: first, that in granting the plaintiff's motion to strike the defendant's second special defense, [1] the trial court erred in ruling, as a matter of law, that a joint venture between two nonprofit organizations, such as Yale University and the Yale-New Haven Hospital, could not be considered an "employer," as that term is defined in the Workers' Compensation Act; and second, that the trial court erred by failing to instruct the jury that a finding of liability had to be based on credible expert testimony establishing the applicable standard of care and demonstrating that the defendant breached that *Page 331 
standard. See Doe v. Yale University, 252 Conn. 641, 748 A.2d 834
(2000).
Upon the issuance of the Supreme Court's decision on April 11, 2000, the case was remanded to the New Haven Superior Court.
On or about August 22, 2000, the defendant applied to the Chief Court Administrator for transfer of this case to the Complex Litigation Docket for further pretrial proceedings, possible settlement negotiations, and eventual retrial. In support, the defendant asserted on page two of this application that the matter was appropriate for transfer to the Complex Litigation Docket "because this case involves complex factual and legal issues, particularly with respect to the joint venture issue. Prior to the retrial of this matter, the parties will need to engage in substantial discovery with respect to the issues of liability and damages, likely requiring careful supervision by the Court. In addition, the retrial of this matter will likely be lengthy. Defendant anticipates that all the evidence and testimony introduced at the last trial will be submitted again, along with additional evidence and testimony regarding issues of liability and damages. In addition, the University's Second Special Defense raises new factual and legal issues which have never been litigated before and which will require the introduction of additional evidence and testimony at trial." It claimed, more particularly, that substantial additional discovery would have to be conducted on the joint venture issue, that additional discovery would also be required as to the plaintiffs evolving medical condition and prognosis for the future, and that additional experts would probably be disclosed on the underlying medical and educational issues in the case. All of the foregoing, the defendant suggested, would best be conducted under the controlling eye and hand of a single judge, who could see the case through all the way to trial. *Page 332 
Shortly after the defendant filed its application for transfer, the case was referred to the Complex Litigation Docket in the Judicial District of Waterbury by Chief Administrative Judge of the Civil Division, John J. Langenbach. In the interim, the plaintiff filed an Objection to Application to Transfer which was delivered to this Court for hearing and decision after Judge Langenbach's order of referral was transmitted.
In her Objection, the plaintiff stated three basic reasons why transfer to the Complex Litigation Docket was assertedly inappropriate: first, that the case is a simple case between one plaintiff and one defendant which, even with the injection of the "joint venture" issue into it, will take no longer than twelve days of evidence to try; second, that the case involves no unusually complex factual or legal issues for the Court to resolve before or during trial; and third, that the plaintiffs ability to attend the trial on a daily basis will be severely compromised by moving the trial to Waterbury, for she no longer lives in the area, and expects to commute back and forth between her house and the trial site by rail. In addition to these arguments, the plaintiff claimed, at the hearing on her Objection, that transfer to the Complex Litigation Docket may compromise her ability to go to trial at all, for in view of her infection with HIV, she is constantly at risk of developing a full-blown case of Acquired Immunodeficiency Syndrome ("AIDS").
Against this background, it is well within this Court's discretion to sustain or overrule the plaintiffs Objection. The case is not particularly complex, either legally or factually. Still, it is no less complex than many other cases already on the Court's docket, including, ironically, several medical malpractice cases with which present counsel are personally familiar.
This case will certainly involve additional pretrial discovery of the types suggested by the defense, and *Page 333 
some of that discovery may require close judicial monitoring in view of the parties' likely differences as to its appropriate depth and breadth. Even so, the legal issues raised by such additional discovery, though novel in a case of this kind, are not so unique or burdensome as to strain the considerable judicial resources of the New Haven Superior Court. In fact, based upon inquiry of the presiding civil judge in New Haven, this Court is informed and believes that if this case is returned there, a single judge will be assigned to manage the case through to trial, with the full expectation that the trial can and will be conducted on a priority basis whenever the parties are ready to proceed.
The latter consideration, in fact, is of paramount importance in the circumstances of this case, for two separate reasons. First, it is very important that this case be prepared for a speedy trial, not only because of its great age but also because of the plaintiff's precarious state of health. This Court can give the parties a definite trial date in May of 2001, but not before then. That limitation is not significant since substantial discovery — all of which can be completed before May 1 — must yet be conducted.[2] The setting of such a trial date, however, would afford the parties no advantages over those that can be had by keeping the case in New Haven. If, however, discovery is slowed for some unforeseen reason, this Court's ability to set a later trial date would be severely limited by its many other trial commitments. In that event, transfer to the Complex Litigation Docket might compromise the plaintiff's right to proceed to trial at all if her condition should worsen in the interim.
Secondly, and more importantly, the central purpose of the Complex Litigation Docket is to assist the Civil *Page 334 
Division as a whole to handle its caseload fairly and efficiently. This, of course, is accomplished by removing from the ordinary flow of civil business those especially difficult, complicated cases that require special handling to be sure they are promptly and competently adjudicated without compromising the Court's ability to handle the other cases on its docket with care and dispatch. When transfer of a case to the Complex Litigation Docket will afford no special benefit either to the litigants in that case or to other civil litigants in the courthouse from which it comes, the better course is to return the case to its court of origin to make more room on the Complex Litigation Docket for other cases as to which there is a greater need for special oversight and management.
For all of the foregoing reasons, the Court hereby concludes that the above-captioned case should be returned to the Judicial District of New Haven for special assignment to a single judge who will manage it personally from this point forward on through trial. Accordingly, the plaintiff's Objection to Application to Transfer is hereby sustained.
* Although the female plaintiff was granted permission to prosecute the action using the fictitious name John Doe, this Court will use feminine pronouns when referring to her.